O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LASC Case #: BC 388194

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | | Date | August 4, 2008 |
|---|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

This matter is before the Court on the motion of Plaintiffs Contemporary Services Corporation ("CSC"), Cultural Property Protection Group ("CPPG"), and Protatech, Inc.'s (collectively, "Plaintiffs") to remand this entire action to state court. On March 28, 2008, Plaintiffs filed suit in the Superior Court of the State of California against Defendant Lori Jo Hartman, asserting seven claims for relief: (1) violation of 18 U.S.C. § 1030 (the Computer Fraud and Abuse Act); (2) Breach of Fiduciary Duty; (3) Conversion; (4) Breach of Contract; (5) Fraud; (6) Intentional Interference with Prospective Economic Advantage; and (7) Breach of Fiduciary Duty.

The primary issue is whether the Court has supplemental jurisdiction over Plaintiffs' state law claims and whether the Court should exercise jurisdiction over them.

On May 6, 2008, Defendant removed the action to this Court. On May 22, 2008, Plaintiffs moved to remand this case to state court, contending that 28 U.S.C. § 1441(c) gives the Court discretion to remand the entire action, including the federal claim, when state law claims predominate. On June 9, 2008, this Court denied Defendant's motion to dismiss Plaintiffs' fourth claim and granted the motion to dismiss Plaintiffs' fifth, sixth, and seventh claims, with leave to amend. On June 19, 2008, Plaintiffs filed their First Amended Complaint ("FAC"), in which they abandoned their sixth and seventh causes of action for Intentional Interference with Prospective Economic Advantage and Breach of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

Fiduciary Duty.[1] On June 30, 2008, Defendant answered Plaintiffs' FAC and filed five counterclaims arising under state law for: (1) Unpaid Wages; (2) Waiting Time Penalties; (3) Violation of Cal. Lab. Code § 2802; (4) Indemnification Under Cal. Lab. Code § 2802 and Cal. Corp. Code § 317; and (5) Unfair Competition Under Cal. Bus. & Prof. Code § 17200.

All of Plaintiffs' and Defendant's now-pending claims and counterclaims arise out of the "same nucleus of operative facts." Thus, pursuant to 28 U.S.C. § 1367(a), Plaintiffs' federal cause of action under the Computer Fraud and Abuse Act ("CFAA") gives the Court supplemental jurisdiction over the related state law claims. However, at its core and in all important respects, this action involves an employment dispute between the parties that has given rise to nine state law claims and counterclaims which substantially predominate over the sole federal claim. Thus, the Court declines to exercise supplemental jurisdiction over those state law claims, pursuant to 28 U.S.C. § 1367(c)(2).[2] Accordingly, the Court GRANTS Plaintiffs' motion[3] and REMANDS to state court all state law claims and counterclaims in this action.

## II.    FACTUAL BACKGROUND

---

[1] Plaintiffs' motion to remand and the parties' briefs refer to the Original Complaint. Plaintiffs previously alleged that Defendant also harmed them "by terminating her employment with Plaintiffs in order to take a position with Plaintiffs' potential client, intentionally causing Plaintiffs to lose the business of that client." (Orig. Compl. ¶ 1.) Given that the FAC differs from the original complaint only in Plaintiffs' abandonment of their sixth and seventh claims in the FAC, the Court construes Plaintiffs' motion to remand to apply to the FAC.

[2] The parties did not address the exceptions enumerated in 28 U.S.C. § 1367(c), under which a Court may decline to exercise supplemental jurisdiction. Instead, the parties addressed only 28 U.S.C. § 1441(c), which authorizes remand of "all matters in which State law predominates." Given that the Court declines to exercise jurisdiction under Section 1367(c)(2), the Court need not reach Section 1441(c).

[3] Dkt. No. 23

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

Plaintiffs CSC and CPPG are sister corporations that provide security services. (FAC ¶¶ 7, 9.) Plaintiff ProtaTech, Inc. develops software for the security industry. (*Id.* ¶ 8.) On July 28, 2006, Plaintiffs collectively hired Defendant to serve as the Vice President of Organizational Development and Strategic Planning for all three companies, pursuant to a written employment agreement. (*Id.* ¶ 10.) The agreement recited Defendant's specific job requirements and incorporated by reference the terms of the CSC Staff Handbook. (*Id.*) The "Handbook" provides that all employees may be immediately discharged for: "any act of dishonestly [sic], including but not limited to theft, or misappropriation of money, merchandise or work time" or for "any act which leads to the questioning of an employee's integrity, including falsification of company records or documents, destruction of company property, including company documents, competing in business with CSC, divulging trade secrets, confidential company information or client information, or engaging in criminal conduct which may affect the company and/or its image." (*Id.* ¶ 12.)

Defendant's principal duty was to develop software for training security guards, including the "SORT" software program. (*Id.* ¶ 11.) On January 4, 2008, Defendant gave Plaintiffs notice that she would be leaving their employment, effective January 11, 2008. (*Id.* ¶ 15.) In a meeting with the executives of Plaintiffs on January 10, 2008, Defendant explained that all the work she had done on the "SORT" software project was stored on a CSC-owned laptop computer. (*Id.* ¶¶ 14, 17.) Later, when Defendant returned the computer to Plaintiffs, the hard drive was completely reformatted, erased and contained no data of any kind. (*Id.* ¶ 19.) Plaintiffs allege that Defendant intentionally and wrongfully "erased all of her work product accumulated over the course of her employment" that was stored on the computer's hard drive. (*Id.* ¶ 1.)

### III. DISCUSSION

    **A.**     **The Court Could Exercise Supplemental Jurisdiction Over the State Law Claims Under 28 U.S.C. § 1367(a)**

Defendant properly removed the case to federal court pursuant to 28 U.S.C. § 1441(a) and (b) because the original complaint included a federal claim under the Computer Fraud and Abuse Act (18 U.S.C. § 1030). Plaintiffs do not dispute Defendant's right to removal.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

28 U.S.C. § 1367(a) provides, in relevant part, that:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the parties' state law claims and counterclaims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Gibbs*, the United States Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when "[t]he state law claim[s] . . . derive from a common nucleus of operative fact" and the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725-26.

All of the claims and counterclaims here derive from the facts triggered by Defendant's decision to leave Plaintiffs' employment. Before returning her computer to Plaintiffs, Defendant allegedly breached her fiduciary duties owed to Plaintiffs by deleting work product stored on the computer. (FAC ¶¶ 37-41.) Plaintiffs also claim that Defendant wrongfully deleted data files, programs, and systems from their computer without authorization, thereby breaching her agreement with Plaintiffs. (*Id.* ¶¶ 42-50.) In addition, Plaintiffs allege that Defendant defrauded them by making false representations about the information contained on Plaintiffs' shared drive and computer. (*Id.* ¶¶ 51-60.) Likewise, all of Defendant's counterclaims for unpaid wages and unfair competition arose from Plaintiffs' alleged conduct after Defendant ended her employment.

### B. The Court Declines to Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(c)

"[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in [28 U.S.C.] § 1367(c)- as it has always had under *United Mine Workers v. Gibbs*, 383 U.S. 715, 16 L.Ed.2d 218 (1966)." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (holding that

Case 2:08-cv-02967-AHM-JWJ   Document 26   Filed 08/04/08   Page 5 of 8   Page ID #:375

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

"when there is power to hear the case under § 1367(a), the district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c)").

In *Executive Software North America, Inc. v. United States District Court for the Central District of California*, 24 F.3d 1545, 1551 (9th Cir. 1994), overruled in other respects by *California Dept. of Water Resources v. Powerex Corp.*, --- F.3d ----, 2008 WL 2797031 (9th Cir. July 22, 2008), the Ninth Circuit held that "once it is determined that the assertion of supplemental jurisdiction is permissible under sections 1367(a) and (b), section 1367(c) provides the only valid basis upon which the district court may decline jurisdiction and remand pendent claims." The Ninth Circuit concluded that "the district court erred to the extent that it relied on a basis for remanding pendent claims not permitted under section 1367(c)." *Id.* at 1552.[4]

The Court finds that 28 U.S.C. § 1367(c)(2) applies here. That section provides, in relevant part, that a "district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 727. Generally, a district court will find substantial predomination where "it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id.*

This case involves four distinct state law claims and five distinct state law counterclaims. Plaintiffs allege that Defendant breached her contract with Plaintiffs by deleting her work product on Plaintiffs' computer and/or by failing to provide the services for which she was hired. (FAC ¶¶ 46-47.) Plaintiffs also allege that Defendant breached her fiduciary duties to Plaintiffs by intentionally deleting that work product which Plaintiffs owned. (FAC ¶ 39.) Plaintiffs claim that this alleged deletion

---

[4] The district provided no reasons for its remand order, but in a previous order it had included "whether 'retention of state law claims requires the expenditure of additional judicial time and effort.'" *Id.* at 1551.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

constitutes conversion because Defendant "wrongfully exercised control over Plaintiffs' personal property." (FAC ¶ 41.) Finally, Plaintiffs allege that Defendant fraudulently misrepresented to the executives of Plaintiffs that, *inter alia*, she had completed the "SORT" software program and that the program was stored on the computer's hard drive. (FAC ¶ 54.) Defendant has counterclaimed for wages and indemnification that Plaintiffs allegedly owed her under her employment contract, and for unfair competition for failing to make such payments.

In contrast, in their sole federal claim, Plaintiffs allege that Defendant "knowingly caused the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer within the meaning of 18 U.S.C. § 1030(a)(5)(A)(i)." (FAC ¶ 29.) In other words, Plaintiffs allege that Defendant utilized "an erasure program" to intentionally destroy files on the computer. (FAC ¶¶ 28-29.) While primarily a criminal statute, the CFAA provides, in relevant part, that:

> Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages.

18 U.S.C. § 1030(g).

To prove a CFAA claim, Plaintiffs must show that the computer in question was a "protected computer," as defined by 18 U.S.C. § 1030(e)(2). This requires evidence different from all the state law claims.[5] Moreover, "[t]he conduct must involve one of

---

[5] The term "protected computer" means a computer-- "(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or (B) which is used in interstate or foreign

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

five factors listed in 18 U.S.C. § 1030(a)(5)(B)." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004). These factors refer to the five categories of harm that are a necessary element of a civil action under the CFAA: loss of at least $5,000 in value; impairment of a person's medical diagnosis or treatment; physical injury to any person; a threat to public health or safety; or damage to a computer system used by a government entity in furtherance of the administration of justice, national defense, or national security. *See* 18 U.S.C. § 1030(a)(5)(B). Plaintiffs allege the first category of harm under § 1030(a)(5)(B)-- loss of at least $5,000 in value-- which, pursuant to 18 U.S.C. § 1030(g), limits Plaintiffs' damages to economic damages.

The elements and facts that Plaintiffs must prove to establish their CFAA claim are different from what they must prove to establish their other claims. Plaintiffs' claims for breach of fiduciary duty and breach of contract derive from the parties' rights and responsibilities under the employment contract. Plaintiffs' claim for fraud arises from Defendant's alleged misrepresentations during her employment. Defendant's counterclaims for unpaid wages and indemnification are based on Plaintiffs' conduct after Defendant returned the computer and left their employment. Thus, Plaintiffs' state law claims involve a broader scope of issues and proof than the CFAA claim. That demonstrates that state law predominates. *See Gibbs*, 383 U.S. at 726-27 ("Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."). In this respect, it is noteworthy that the relief Plaintiffs seek under the CFAA is not unique to that claim; Plaintiffs also seek compensatory damages and injunctive relief pursuant to all four of their state claims for relief. (FAC Prayer for Relief ¶¶ 1, 3.) In short, even as to the array of remedies that Plaintiffs seek, their state claims predominate; indeed, rather than "trailing" the federal remedies, the state-based claims encompass additional prayers for relief, such as punitive damages. (*Id.* ¶ 2.)

Finally, as stated by the United States Supreme Court in *Gibbs*, "[n]eedless

---

commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." 18 U.S.C. § 1030(e)(2).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-02967 AHM (JWJx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | CONTEMPORARY SERVICES CORP. v. HARTMAN | | |

decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. at 726. Here, the nine state law claims and counterclaims, which derive largely from Defendant's employment contract, should be resolved in state court.

Thus, the Court finds that state law issues substantially predominate over Plaintiffs' sole federal claim and constitute the "real body" of the case. Accordingly, the Court declines to exercise supplemental jurisdiction over those state law claims and counterclaims. However, the Court will maintain jurisdiction over Plaintiffs' civil claim under 18 U.S.C. § 1030.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand and REMANDS to state court Plaintiffs' second, third, fourth, and fifth claims and all five of Defendant's counterclaims. No hearing is necessary. Fed. R. Civ. P. 78(b); L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |